## No. 61.

### ANDREW HERO, JR. v. NICHOLAS CONNELL.

Service on a curator *ad hoc* is valid service in a suit against an absentee who has property in the State.

A creditor, whose debt did not originate until after the debt of one who reduced his claim to judgement, seized and had sold under writ of *fieri facias* and purchased a certain square of ground at the sheriff's sale, has no interest to attack said sale or annul such title on the ground that the bid of purchase at sheriff's sale did not cover prior recorded liens against said property.

The privilege for paving in front of a square held not restricted to any subdivision of that square.

*Appealed from Fifth District Court, Parish of Orleans.*

*Horner & Benedict,* attorneys for plaintiff, appellant.

*F. Gilmore & Sons,* attorneys for defendant, appellee.

His Honor Judge Walter H. Rogers having recused himself, he having been the judge of the district court from which the case was appealed, L. L. Levy, Esq., Attorney at Law, having been requested to assist the Court in determining the question at issue, delivered the opinion of the Court in the words and figures following, to wit;

Plantiff sues to annul the title of Nicholas Connell to a square of ground in the fourth district, bounded by Washington, Fourth, Liberty, and Howard Streets. He alleges the absolute nullity of the judgment of suit No. 5626 of the Fourth District of New Orleans, entitled N. Connell vs. Mrs. Sara Booth, for the cause, that the defendant, Sarah Booth was not cited, and that Connell had no privilege on the square seized and sold under *fi fa* in suit No. 5626. Plaintiff alleges, that the adjudication in suit No. 5626 was illegal for the further reason

that the bid did not cover the liens on squares superior in rank to that of Connell.

Finally plaintiff claims, that if his lien be not recognized as just on the entire square, it should in any event, be preferred to Connell on the lots fronting on Howard street. The defendant excepted to plaintiff's petition no cause of action, and in answer on the merits, set up his title to square in controversy under an adjudication by the Civil Sheriff parish of Orleans, under a judgment, writ and sale of suit No. 5626, N. Connell vs. Sara Booth, and alleging, that the regularity of the proceedings in suit No. 5626 has been upheld by the Supreme Court of the state on an appeal by respondent from proceedings taken by O'Hara, plaintiff's transferror, and plaintiff, on a judgment recovered by them in suit No. 44081 vs. Sara Booth in the Fourth District Court, in which suit, O'Hara, transferror of Hero, sought to sell the square after Connell had seized and sold it. Defendant pleads, the judgment of the Supreme Court as *res adjudicata* of the matter set out in plaintiff's petition.

The facts of this case are elaborately stated in the opinion of the Supreme Court reported in 29 A.R.P. 817, delivered in O'Hara vs. Mrs. Booth. The plaintiff presents in a different form substantially the same matters there disposed of. The first ground reiterates in this suit that Sara Booth was not cited. Judge DeBlanc expressly ruled otherwise; said he, "Mrs. Booth was absent from and owned property in the state, she was beyond any doubt indebted to Connell, and when sued by the latter was properly represented by a curator *ad hoc*, on whom a set citation was served on April 1st, 1874." The second ground of nullity, that the bid of Connell did not cover prior liens has no merit. We cannot see what concern (if it be so) plaintiff has in other liens, if the privilege outranks his, O'Hara's, Connell's privilege was recorded 4th. March 1872. O'Hara's 9th. March 1876. Independent of the priority of record by Connell, a further privilege was acquired by Connell, resulting from seizure of the square under a judgment decreeing privilege before O'Hara recorded his contract,

which we think, gave Connell a preference over all other creditors.  Nor can we see, how a sale provoked under such a state of facts can be annulled at the instance of a creditor whose debt did not originate until years after the debt of Connell and seizure.  C.P. 722, 27 A.R. 290, 10 A.R. 564, 22 A.R. 415.

The last ground of plaintiff is, that if the lien of Connell be recognized, it be restricted to the lots having a frontage on Liberty street.  His position is inconsistent with the prayer of Plaintiff for the nullity of judgment and title of Connell, and the subjection of the whole square to plaintiff's lien, such a judgment is foreign to the issues raised in the action of nullity.  Nor have we been referred to any law restricting·the privilege of paving in front of a square to any subdivision thereof.  Section 24 of Act of 1870, nor section 7 of Act No. 53 of 1840 restrict the lien.  We see no reason therefore to disturb the adjudication recognized by the Supreme Court in O'Hara vs. Booth 29 A.R.

Judgment affirmed with costs of both courts.